UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LATONYA BOOSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 13-00305 (RJL) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | **FILED** |
| | ) | |
| Defendant. | ) | MAY 2 2 2014 |

MEMORANDUM OPINION

(May 22, 2014) [Dkt. ##10, 11]

Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

Plaintiff Latonya Boose ("plaintiff") filed this action on behalf of her minor child, A.G., against the District of Columbia ("defendant") on March 8, 2013 seeking injunctive and declaratory relief under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"). *See* Complaint ("Compl.") at ¶ 1 [Dkt. #1]. Now before the Court are the parties' Cross-Motions for Summary Judgment. *See* Plaintiff's Motion for Summary Judgment ("Pl.'s Mot.") [Dkt. #10]; Defendant's Motion for Summary Judgment ("Def.'s Mot.") [Dkt. #11]. Upon consideration of the parties' pleadings, the entire record in this case, and relevant law, the Court DENIES plaintiff's Motion for Summary Judgment and GRANTS defendant's Motion for Summary Judgment.

## BACKGROUND

A.G. attended Kimball Elementary School ("Kimball") for kindergarten—during the 2011-2012 school year—and first grade—during the 2012-2013 school year. *See*

1

Compl. at ¶ 9. During the 2011-2012 school year, A.G. exhibited a number of problematic behaviors in the classroom. *See* Compl. at ¶¶ 10-12; Administrative Record ("AR") at 15, 28 [Dkt. #8]. A.G. continued to exhibit disruptive behavior at the beginning of the 2012-2013 school year. *See* Compl. at ¶¶ 21-25; AR at 30-31. On September 10, 2012, A.G.'s homeroom teacher completed a National Initiative for Children's Healthcare Quality Vanderbilt Assessment Scale ("Vanderbilt Assessment"), which is a screening assessment for Attention Deficit Disorder, Attention Deficit Hyperactivity Disorder, Oppositional Defiance Disorder, and Anxiety/Depression. *See* Compl. at ¶¶ 19-20; AR at 30-32. Despite the academic and behavior problems noted on the Vanderbilt Assessment in September, A.G.'s behavior and academic performance improved as the 2012-2013 school year progressed. *See* AR at 9.

On September 26, 2012, however, plaintiff filed an administrative Due Process Complaint Notice alleging that DCPS had failed "to identify, locate, and evaluate a student with a suspected disability," or in the alternative, that DCPS failed "to *timely* identify, locate, and evaluate a student with a suspected disability." *See* AR at 36-41 (emphasis added). During an October 23, 2012 meeting aimed at resolving the dispute, DCPS offered to "conduct a Comprehensive Psychological Evaluation and Functional Behavior Assessment," of A.G. and to "convene an [individualized education program] meeting to review the Independent Evaluation, and discuss eligibility." *See* AR at 70. Plaintiff rejected DCPS's offer. *See id.*

On December 3, 2012, the Office of the State Superintendent of Education's Student Hearing Office held an administrative hearing on plaintiff's Due Process claims. *See* AR at 106. The Hearing Officer issued her decision ("HOD") on December 8, 2012, dismissing plaintiff's administrative complaint with prejudice. *See* AR at 10. The Hearing Officer concluded that plaintiff had failed to meet her burden of proof to show that DCPS violated the "child find" provision of the IDEA,[1] noting that although A.G. began kindergarten and first grade unsatisfactorily, his academics and behavioral performance had improved over the course of both school years. *See* AR at 9-10.

Following a formal request from plaintiff asking DCPS to evaluate A.G. for potential special education services, DCPS provided a comprehensive psychological evaluation on February 1, 2013. *See* Ex. A to Pl.'s Mot. at 2 [Dkt. #10-3]; Ex. B to Pl.'s Mot. at 1 [Dkt. #10-4]. A multidisciplinary team ("MDT") met and determined that A.G. was eligible for special education services, but that compensatory education was not warranted. *See* Ex. C to Pl.'s Mot. at 3-4 [Dkt. #10-5]. The MDT also developed an

---

[1] The "child find" provision of the IDEA requires states to ensure that:

> All children with disabilities residing in the State, including children with disabilities who are homeless children or are wards of the State and children with disabilities attending private schools, regardless of the severity of their disabilities, and who are in need of special education and related services, *are identified, located, and evaluated* and a practical method is developed and implemented to determine which children with disabilities are currently receiving needed special education and related services.

20 U.S.C. § 1412(a)(3)(A) (emphasis added).

Individualized Education Plan ("IEP") for A.G. *See id.*

## STANDARD OF REVIEW

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is proper where the pleadings, stipulations, affidavits, and admissions in a case show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must accept as true the evidence of, and draw "all justifiable inferences" in favor of the party opposing summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue exists only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

When a party challenges an administrative decision under the IDEA, the court "shall receive the records of the administrative proceedings . . . shall hear additional evidence at the request of a party; and . . . basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. §§ 1451(i)(2)(C)(i)-(iii).[2] The standard of review under the IDEA "is less deferential than that applied under the traditional substantial evidence test used in ordinary administrative review cases." *Scorah v. District of Columbia*, 322 F. Supp. 2d 12, 18 (D.D.C. 2004)

---

[2] When neither party requests that the reviewing court hear additional evidence, as is the case here, the "motion for summary judgment is simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record." *Heather S. v. Wisconsin*, 125 F.3d

(citing *Kerkam v. McKenzie*, 862 F.2d 884, 887 (D.C. Cir. 1988) and *Kroot v. District of Columbia*, 800 F. Supp. 976, 981 (D.D.C. 1992)).

## ANALYSIS

Defendant argues that plaintiff's claims are moot, and thus must be dismissed. *See* Def.'s Mot. at 10-12. Article III of the Constitution permits the courts to adjudicate only "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988); *District of Columbia v. Doe*, 611 F.3d 888, 894 (D.C. Cir. 2010). A case is moot, and "a federal court [should] refrain from deciding it if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (internal quotations and citation omitted). That is exactly the situation here.

Plaintiff seeks redress for alleged violations by DCPS of the "child find" provision of the IDEA. *See* Compl. at ¶¶ 29-30, 34-35. If it were granted, such redress from this Court would consist of an order requiring DCPS to evaluate A.G. in order to determine his eligibility for special education and other related services. However, since December 8, 2012, when the HOD was issued, DCPS has conducted a comprehensive psychological evaluation of A.G., after which an MDT determined that A.G. was eligible for special education. Moreover, by March 11, 2013, DCPS developed an IEP for A.G., which plaintiff has *not* challenged. Indeed, the fact that plaintiff has not challenged the IEP

---

1045, 1052 (7th Cir. 1997) (internal quotations and citation omitted).

developed by DCPS for seven months supports a strong inference that she fully approves of the services A.G. is receiving.

Thus, as "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future," this Court can find no remaining justiciable issue in this case, and plaintiff's claim must therefore fail as moot. *Clarke*, 915 F.2d at 701.

## CONCLUSION

Accordingly, for all of the foregoing reasons, the Court DENIES plaintiff's Motion for Summary Judgment and GRANTS defendant's Motion for Summary Judgment. An Order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge